JACKIE DEBORAH PAYTON-BAILEY AND
MATTHEW HENRY BAILEY
5217 Rising Sun Lane
Ellicott City, Maryland 21043

    Plaintiff

    v.

MERCEDES BENZ USA, LLC
c/o CT Corporation
300 East Lombard Street
Baltimore, MD 21202

    Defendant

IN THE CIRCUIT COURT FOR

HOWARD COUNTY

CASE NO: 13-C-06-65079

MJG06CV1192

## COMPLAINT AND STATEMENT OF FACTS

1.  Plaintiffs, Jackie Deborah Payton-Bailey and Matthew Henry Bailey, are adult individual citizens and legal residents of the State of Maryland, 5217 Rising Sun Lane, Ellicott City, Maryland 21043.

2.  Defendant, Mercedes Benz USA, LLC, is a business corporation qualified to do and regularly conduct business in the State of Maryland, with its address and principal place of business located at 1 Mercedes Drive, P.O. Box 350, Montvale, NJ, 07645-0350, and can be served at c/o CT Corporation, 300 East Lombard Street, Baltimore, MD 21202.

3.  On or about July 26, 2003, Plaintiffs purchased a new 2003 Mercedes S5000, manufactured and warranted by Defendant, bearing the Vehicle Identification Number WDBNG84J73A373469.

4.  The vehicle was purchased in the State of Virginia and is registered in the State of Maryland.

5.  The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges, but excluding other collateral charges not specified, yet defined by the Lemon Law, totaled more than $101,872.26. A true and correct copy of the contract is attached hereto, made a part hereof, and marked Exhibit "A".

6.  In consideration for the purchase of said vehicle, Defendant issued to Plaintiffs several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

7.  The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiffs.

8.  The parties' bargain includes an express 4-year / 50,000 mile warranty, as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

9.  However, as a result of the ineffective repair attempts made by Defendant through its authorized dealer(s), the vehicle is rendered substantially impaired and unable to be utilized for its intended purposes.

10. The first documented warranty repair attempt is believed to have occurred on or before May 18, 2004, when the vehicle odometer showed 11,935 miles. On that date, repair attempts were made to the abnormal shimmy. A true and correct copy of the repair invoice is attached hereto, made a part hereof and marked Exhibit "B".

11. The second documented warranty repair attempt is believed to have occurred on or before September 17, 2004, when the vehicle odometer showed 18,072 miles. On that date, repair attempts were made to the abnormal rough riding condition. A true and correct copy of the repair invoice is attached hereto, made a part hereof and marked Exhibit "C".

12. The third documented warranty repair attempt is believed to have occurred on or before October 12, 2004, when the vehicle odometer showed 19,706 miles. On that date, repair attempts were made to the abnormal no-start condition. A true and correct copy of the repair invoice is attached hereto, made a part hereof and marked Exhibit "D".

13. The vehicle continues to exhibit defects and malfunctions which remained uncorrected after a reasonable number of repair opportunities. True and correct copies of the additional warranty invoices are attached hereto, made a part hereof and marked Exhibit "E".

## COUNT I
## MAGNUSON-MOSS (FTC) WARRANTY IMPROVEMENT ACT

14. Plaintiffs may resort or may have resorted to Defendant's informal dispute settlement procedure, to the extent said procedure complies with 16 CFR 703.

15. Plaintiffs aver that the Federal Trade Commission (FTC) has determined that no automobile manufacturer complies with 16 CFR 703. See, Fed. Reg. 15636, Vol. 62, No. 63 (Apr. 2, 1997).

16. Plaintiffs hereby incorporate all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

17. Plaintiffs are "Consumers" as defined by 15 U.S.C. §2301(3).

18. Defendant is a "supplier", "warrantor", and a "service contractor" as defined by 15 U.S.C. § 2301 (4),(5) and (8).

19. The subject vehicle is a "consumer product" as defined by 15 U.S.C. § 2301(1).

20. By the terms of its written warranties, affirmations, promises, or service contracts, Defendant agreed to perform effective repairs at no charge for parts and/or labor.

21. The Magnuson-Moss Warranty Improvement Act requires Defendant to be bound by all warranties implied by state law. Said warranties are imposed on all transactions in the state in which the vehicle was delivered.

22. Defendant has made attempts on several occasions to comply with the terms of its express warranties; however, such repair attempts have been ineffective.

23. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

> If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and

prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

24. Plaintiffs have afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

25. As a direct and proximate result of Defendant's failure to comply with the express written warranties, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

26. Defendant's failure is a breach of Defendant's contractual and statutory obligations constituting a violation of the Magnuson-Moss Warranty Improvement Act, including but not limited to: breach of express warranties; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; breach of contract; and constitutes an Unfair Trade Practice.

27. Plaintiffs aver that Defendant's warranty was not provided to Plaintiff until after the vehicle was delivered, making any and all limitations, disclaimers and/or alternative dispute provisions ineffective for a failure of consideration.

28. Plaintiffs aver Defendant's Dispute Resolution Program was not in compliance with 16 CFR 703 for the model year of the subject vehicle.

29. Plaintiffs aver that Defendant's warranty did not require Plaintiffs to first resort to a Dispute Resolution Program before filing suit.

30. Plaintiffs aver that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant in the amount of

One Hundred One Thousand Eight Hundred Seventy-Two And 26/100 Dollars ($101,872.26),

together with all collateral charges, attorneys' fees, and court costs.


KIMMEL & SILVERMAN, P.C.


By: _____
SUSAN CAROL BELL, ESQUIRE
Attorney for Plaintiffs
30 East Butler Pike
Ambler, Pennsylvania 19002
(215) 540-8888

10451 Mill Run Circle, Suite 400
Owings Mills, MD 21117
(410) 356-8835

| | |
|---|---|
| JACKIE DEBORAH PAYTON-BAILEY AND<br>MATTHEW HENRY BAILEY<br>5217 Rising Sun Lane<br>Ellicott City, Maryland 21043<br><br>      Plaintiff<br><br>      v.<br><br>MERCEDES BENZ USA, LLC<br>c/o CT Corporation<br>300 East Lombard Street<br>Baltimore, MD 21202<br><br>      Defendant | IN THE CIRCUIT COURT FOR<br><br>HOWARD COUNTY<br><br>CASE NO: _____ |

## CERTIFICATE OF SERVICE

I, Susan Carol Bell, Esquire, hereby certify that a true and correct copy of the foregoing Complaint was sent via Certified Mail on _____ to Defendant, addressed as follows:

MERCEDES BENZ USA, LLC
c/o CT Corporation
300 East Lombard Street
Baltimore, MD 21202

Susan Carol Bell, Esquire
Attorney for Plaintiffs

Circuit Court for **HOWARD COUNTY**   BC06650M

*City or County*

## CIVIL-NON-DOMESTIC CASE INFORMATION REPORT

*Directions:*

*Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.*

*Defendant: You must file an Information Report as required by Rule 2-323(h).*

**_THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE._**

FORM FILED BY:  ☒ PLAINTIFF   ☐ DEFENDANT   CASE NUMBER: _____

CASE NAME: Jack Deborah Payton-Bailey and Matthew  vs.  Mercedes Benz USA, LLC

Henry Bailey     *Plaintiff*                          *Defendant*

JURY DEMAND:  ☒ YES  ☐ NO      Anticipated Length of Trial: ____ hours or __2__ days

RELATED CASE PENDING?  ☐ YES  ☒ NO   If yes, Case #(s), if known: _____

Special Requirements?  ☐  Interpreter/communication impairment    Which language _____

(Attach Form 1-332 if Accommodation or Interpreter Needed)         Which dialect _____

                ☐  ADA accommodation: _____

| NATURE OF ACTION (check one box) | | DAMAGES/RELIEF |
|---|---|---|
| **TORTS** | **LABOR** | **A. TORTS** |
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500 |
| ☐ Assault and Battery | ☐ EEO | ☐ $7,500 - $50,000   ☐ Medical Bills |
| ☐ Product Liability | ☐ Other | ☐ $50,000 - $100,000   $ |
| ☐ Professional Malpractice | **CONTRACTS** | ☐ Over $100,000   ☐ Property Damages |
| ☐ Wrongful Death | ☐ Insurance | $ |
| ☐ Business and Commercial | ☐ Confessed Judgment | ☐ Wage Loss |
| ☐ Libel and Slander | ☒ Other Breach of Warranty | $ |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | |
| ☐ Nuisance | ☐ Judicial Sale | **B. CONTRACTS**   **C. NONMONETARY** |
| ☐ Toxic Torts | ☐ Condemnation | |
| ☐ Fraud | ☐ Landlord Tenant | ☐ Under $10,000   ☐ Declaratory Judgment |
| ☐ Malicious Prosecution | ☐ Other | ☐ $10,000 - $20,000   ☐ Injunction |
| ☐ Lead Paint | **OTHER** | ☒ Over $20,000   ☐ Other |
| ☐ Asbestos | ☐ Civil Rights | |
| ☐ Other _____ | ☐ Environmental | |
| | ☐ ADA | |
| | ☐ Other | |

## ALTERNATE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation  ☐ YES  ☐ NO         C. Settlement Conference  ☒ YES  ☐ NO

B. Arbitration  ☐ YES  ☐ NO       D. Neutral Evaluation    ☐ YES  ☐ NO

## TRACK REQUEST

With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL. THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**

☐ ½ day of trial or less              ☐ 3 days of trial time

☐ 1 day of trial time                 ☐ More than 3 days of trial time

☒ 2 days of trial time

**PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY.**

Date: _____   Signature: _____

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐
**Expedited**
Trial within 7 months of
Defendant's response

☐
**Standard**
Trial – 18 months of
Defendant's response

☐ EMERGENCY RELIEF REQUESTED _____
                                                          Date

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (check only one)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Standard-Short | Trial seven months from Defendant's response. Includes torts with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments. |
| ☐ Standard-Medium | Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000. |
| ☐ Standard-Complex | Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000. |
| ☐ Lead Paint | Fill in: Birth date of youngest plaintiff _____ |
| ☐ Asbestos | Events and deadlines set by individual judge. |
| ☐ Protracted Cases | Complex cases designated by the Administrative Judge. |

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.
☐ Liability is not conceded, but is not seriously in dispute.
☐ Liability is seriously in dispute.

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited<br>(Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ Standard<br>(Trail Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, Intentional Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard<br>(Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency |
| ☐ Complex<br>(Trial Date- 450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |